[ ] AMENDED

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

_____

IN RE:    (1) Sharon Lewis Russell                                Case No.

        (2)
Debtor(s)                                                         Chapter 13
_____

CHAPTER 13 PLAN
_____

Address: (1) 243 Ervin Lane                          (2)
       Covington, TN 38019

PLAN PAYMENT:

   DEBTOR (1) shall pay $ 100.00         (x)weekly, ( )every two weeks, ( )semimonthly, or ( )monthly

      (x)PAYROLL DEDUCTION FROM:                                OR  ( )direct pay
      Aerotek
      7301 Parkway Drive
      Hanover, MD 21076

   DEBTOR (2) shall pay $            ( )weekly, ( )every two weeks, ( )semimonthly, or ( )monthly

      ( )PAYROLL DEDUCTION FROM:                                OR  ( )direct pay


1. THIS PLAN (Rule 3015.1 Notice):

   (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19}         ( )YES   (x)NO

   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF        (x)YES   ( )NO
      THE COLLATERAL FOR THE CLAIM. [See plan provision #7 and #8]

   (C) AVOIDS A SECURITY INTEREST OR LIENS [See plan provision #12]          ( )YES   (x)NO

2. ADMINISTRATIVE EXPENSES:  Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. AUTO INSURANCE:  ( )Included in plan, OR (x)Not included in Plan; Debtor(s) to provide proof of insurance
                at Section 341 meeting.

4. DOMESTIC SUPPORT:  Paid by ( )Debtor(s) directly, ( )wage assignment, OR ( )Trustee to:   Monthly Plan Payment

   _____; ongoing payment begins _____   $_____
             Approximate arrearage: _____   $_____
   _____; ongoing payment begins _____   $_____
             Approximate arrearage: _____   $_____

5. PRIORITY CLAIMS:
   _____ Amount: _____   $_____
   _____ Amount: _____   $_____

6. HOME MORTGAGE CLAIMS: ( ) Paid directly by Debtor(s);  OR  ( )Paid by Trustee to:

   _____; ongoing payment begins _____   $_____
             Approximate arrearage: _____   $_____
   _____; ongoing payment begins _____   $_____

          Approximate arrearage: _____  $_____

7. SECURED CLAIMS:
 [Retain lien 11 U.S.C. 1325(a)(5)  Value of Collateral:  Rate of interest:  Monthly Plan Payment:
 _Nissan Motor Acceptance_____  _$11,225.00_____  __6.5_%  $___250.00_____
 _Height's Financial_____  _$ 1,000.00_____  __6.5_%  $____30.00_____
 _____  _____  _____%  $_____

8. SECURED AUTOMOBILE CLAIMS FOR DEBT WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:
 [Retain lien 11 U.S.C. 1325(a)]  Value of Collateral:  Rate of interest:  Monthly Plan Payment:

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:
 _____  Collateral: _____
 _____  Collateral: _____

10. SPECIAL CLASS UNSECURED CLAIMS:  Amount:  Rate of interest:  Monthly Plan Payment:
 _State of TN, Human Services_  _$2379.00_____  _____%  $___40.00_____

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:
 _US Department of Education_  (x) Not provided for  OR  ( ) General unsecured creditor
 _____  ( ) Not provided for  OR  ( ) General unsecured creditor

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:  $_____

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:
 ( ) _____% OR,
 (x) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:
 _____ ( ) Assumes   OR  ( ) Rejects.
 _____ ( ) Assumes   OR  ( ) Rejects.

17. COMPLETION:  Plan shall be completed upon payment of the above, approximately __60___ months.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISIONS:
 ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

20. CERTIFICATION:  THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE AS STATED IN

PROVISION 19.

_/s/Steven F. Bilsky_____     DATE:____8-24-18_____
Debtor(s) Attorney Signature or Pro Se Debtor(s)' Signature